IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GIL HERMOSILLO, et al.,

    Plaintiffs,

v.

MCKESSON CORPORATION, a California corporation, SMITHKLINE BEECHAM CORPORATION d/b/a/ GLAXOSMITHKLINE LLC, a corporation, and DOES 1–100, inclusive,

    Defendants.
/

No. C 13-03169 WHA

**ORDER GRANTING MOTION TO REMAND, DENYING MOTION TO STAY, AND VACATING HEARING**

    In this pharmaceutical products-liability action, plaintiffs move to remand to state court for lack of federal jurisdiction while defendants move to stay all proceedings pending potential transfer to an MDL. For the reasons stated below, plaintiffs' motion to remand is **GRANTED** and defendants' motion to stay is **DENIED**. The hearing on September 12, 2013, is **VACATED**.

    Plaintiffs filed a complaint in the Superior Court of the State of California for the County of San Francisco in June 2013 for alleged injuries from the use of Avandia, a prescription pharmaceutical used to treat type-2 diabetes. Among other defendants, plaintiffs filed suit against McKesson Corporation, a California-based pharmaceutical distributor. Defendant GlaxoSmithKline LLC removed the action to federal court on fraudulent joinder grounds and moved to stay this action pending transfer to the Avandia MDL in the United States District Court for the Eastern District of Pennsylvania. Plaintiffs then filed a motion to remand, arguing

that this Court should first consider the merits of its motion before entertaining any stay of these proceedings.

Our court of appeals has not yet addressed whether courts must first decide the merits of a motion to remand before determining whether to stay the proceedings. Generally speaking, a stay is warranted if this would serve judicial economy. *See, e.g.*, *In re Iphone Application Litig.*, No. 10-5878, 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011) (Judge Lucy Koh). In similar actions involving Avandia, courts in this district have granted a stay. Those courts found that doing so would promote judicial economy because the MDL judge has addressed issues of "fraudulent joinder, fraudulent misjoinder of plaintiffs, the forum defendant rule, and questions relating to removal by defendants who have not yet been served." *See, e.g.*, *Poff v. McKesson*, No. 13-3115, 2013 WL 3949207, at *2 (N.D. Cal. July 30, 2013) (Judge Jeffrey White); *see also Flores v. McKesson*, No. 13-3153 (N.D. Cal. Aug. 2, 2013) (Judge Jon Tigar); *Alvarez v. McKesson*, No. 13-3112 (N.D. Cal. July 24, 2013) (Judge Thelton Henderson). Given, however, the circumstances of the instant action, namely that the MDL has already remanded similar actions because it found that McKesson had not been fraudulently joined, this order finds differently.

The question of whether a motion to stay, pending transfer to an MDL, should be decided before a motion to remand occurs frequently. It is best to rule in the way that most furthers judicial economy, unless this would unreasonably prejudice one of the parties. Thus, when a jurisdictional issue has not yet arisen before the MDL, a motion to stay has been denied and the action remanded to state court because burdening the MDL with a new jurisdictional issue would not be in the interest of judicial economy. *Marble v. Organon*, No. 12-2213, 2012 WL 2237271, at *3 (N.D. Cal. June 15, 2012). Where, however, other cases pending before the MDL have raised the same jurisdictional issue, a stay was granted because it would be in the interest of judicial economy to have all these issues decided together. *See, e.g.*, *Addison v. Bristol-Meyers Squibb Co.*, No. 13-2166, 2013 WL 3187859, at *1 (N.D. Cal. June 21, 2013).

Here, the MDL *has already ruled* on the jurisdictional issue at stake. The MDL found that "McKesson is not fraudulently joined as a defendant in this action . . . such that remand is

1  required both pursuant to the forum defendant rule and for lack of subject matter jurisdiction."
2  *In re Avandia*, 624 F. Supp. 2d 396, 421 (E.D. Pa. 2009) (Judge Cynthia Rufe).  Under these
3  circumstances, judicial economy would not be served by a transfer to the MDL only to have the
4  MDL court remand the action back to state court.

5       GSK concedes that McKesson was served with the original complaint on July 1, *i.e.*
6  before it removed the action to federal court on July 9 (Dkt. No. 1 at 4).  MDL Judge Cynthia
7  Rufe has already found that in this specific fact pattern, a remand is proper:  "the case was
8  removed from California court after McKesson was properly joined and served, and hence in
9  violation of the forum defendant rule."  *In re Avandia*, 624 F. Supp. 2d at 421.

10       This order is not persuaded by GSK's contention that it would suffer prejudice if a stay
11  is denied when it removed the action from state court despite the MDL's ruling that such
12  removal is improper.  To the contrary, it would cause undue prejudice to plaintiffs to be forced to
13  file and argue motions to remand in two different courts before being sent back to square one —
14  state court, where this action belongs.

15       This order is likewise unpersuaded by GSK's argument that claims against McKesson are
16  preempted by the Supreme Court's decision in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011).
17  A preemption defense goes to the merits of a plaintiff's case and cannot overcome the strong
18  presumption against removal jurisdiction.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045
19  (9th Cir. 2009).  GSK also argues that this action is nonetheless removable under Section 1332.
20  Not so.  The MDL has decided that in actions like this one, McKesson was *not* fraudulently
21  joined.  Complete diversity as required by Section 1332(2)(a) is therefore lacking.

22       GSK will not be granted a stay since the MDL has already made clear this action should
23  be remanded.  GSK's motion to stay is therefore **DENIED** and plaintiffs' motion to remand is
24  **GRANTED**.  The September 12 hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3